**NATIONAL AMERICAN FIRE INS. CO. OF OMAHA v. UNITED STATES.**

No. 11890.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1948.

Miller, Higgs & Fletcher and John W. Holler, all of San Diego, Cal., for appellant.

A. Devitt Vanech, Asst. Atty. Gen., and Roger P. Marquis, Atty., Dept. of Justice, of Washington, D. C., for appellee.

Before DENMAN, Chief Judge and BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from an order of the court below dismissing appellant's complaint which alleged that appellant, a fire insurance company, had insured a dwelling house in San Diego, California against damage caused by aircraft or fire; that an airplane belonging to appellee, being piloted in a negligent manner by a commissioned officer in appellee's service, crashed into the house, damaged it and caused a fire which destroyed it; that the proximate cause of the crash was the negligent operation of the plane, and that by reason of the damage and pursuant to the terms of the policy, appellant became obligated and did pay its insureds, L. Chester Clark, and Elizabeth A. Clark, owners of the house, the sum of $3,800. The complaint prayed damages from appellee in that sum.

The action was based on the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.,[1] and appellee's motion to dismiss was granted on the grounds (1) that the complaint failed to state a claim against appellee under which relief could be granted, (2) that the Tort Claims Act does not authorize the maintenance of suits upon a derivative claim, (3) that the Anti-Assignment Statute, 31 U.S.C.A. § 203, forbids this action which was brought by an insurance company, subrogee and assignee.

■ We agree with appellant that the court erred in granting the motion to dismiss. The language of the Federal Tort Claims Act is so broad that it must be deemed to include subrogated claims. Subsequent to the dismissal of the action in the lower court, this court held that suits upon subrogated claims were within the purview of the Act.[2] There can be no doubt that the Federal Tort Claims Act authorizes suits upon derivative claims.

■ Prior to the commencement of the action, the insureds had assigned their claim to appellant to the extent of the amount paid to them by appellant. Appellant is correct in urging that this assignment was an idle act and of no legal significance. The pleading of this assignment should be treated as surplusage.

■ In this action appellant's claim against appellee arose by operation of California law and the claim was therefore complete and a cause of action against appellee existed at the moment of payment. See Offer v. Superior Court, 194 Cal. 114, 228 P. 11.

On this appeal appellee suggests for the first time that the problem of joinder is in the case. It contends that under the Federal Tort Claims Act appellant's assureds must be joined in the action and unless this is done, the suit must be brought in the name of the assureds. This on the theory that the United States has not consented to the splitting of a cause of action against it under that Act; if an insurance company were allowed to sue alone as subrogee a judgment in its favor would not prevent the assureds or other insurers from recovering further damages in other suits on the same cause of action; that such suits might even be brought in several districts, under the provision for venue at the residence of the plaintiff, 28 U.S.C.A. § 931.[3] In addition, to permit separate suits by an insured and the insurer would present problems as to the Government's right to assert any set-off and counter claims it might have.

■ Since the question of joinder was not raised or discussed in the lower court, it is inappropriate to pass upon that issue

[1] 1948 Judicial Code, 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

[2] Employers Fire Insurance Co., et al. v. United States of America, Charles Rusconi, as Administrator, et al., 9 Cir., 167 F.2d 655.

[3] 1948 Judicial Code, 28 U.S.C.A. § 1402.

on this appeal. However, we regard the contention as presenting an issue of sufficient importance to require that it be raised by suitable amendment of the pleadings and disposed of by that court, and to that end, we reverse the order of the lower court and remand the case for further proceedings in accordance with this opinion.